1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9  Calvin Matthews; Tyrone Hunt; Michael)     No. CV 09-2326-PHX-FJM
   Buckner,                             )
10                                       )     **ORDER**
              Plaintiffs,                )
11                                       )
   vs.                                   )
12                                       )
                                         )
13  NPMG Acquisition Sub, LLC,           )
                                         )
14            Defendant.                 )
                                         )
15 _____)

16

17          We have before us defendant's motion for summary judgment (doc. 55), defendant's

18  statement of undisputed facts in support of motion for summary judgment ("DSOF") (doc.

19  56), plaintiffs' response (doc. 62), plaintiffs' statement of facts in support of opposition to

20  motion for summary judgment ("PSOF") (doc. 63), defendant's reply (doc. 66), and

21  defendant's response to plaintiffs' statement of facts (doc. 67).

                                         **I**

22          In November and December 2006, plaintiffs each filed charges of race discrimination

23  and harassment with the Equal Employment Opportunity Commission ("EEOC").  They also

24  alleged that they had been terminated by defendant due to their race.  In February 2009, the

25  EEOC filed a Title VII class action lawsuit against defendant, naming the plaintiffs as

26  charging parties.  On September 15, 2009, Judge Bolton entered the Consent Decree

27  negotiated by the EEOC and defendant (doc. 36, ex. 1).  <u>EEOC v. iPayment, Inc. & NPMG</u>

28

1  Acquisition Sub, LLC, No. CV 08-01790. On November 4, 2009, plaintiffs filed a complaint

2  against defendant alleging a violation of 42 U.S.C. § 1981, based on the same conduct at

3  issue in the EEOC's action (doc. 1). Defendant filed a motion to dismiss on January 6, 2010

4  (doc. 12). On July 30, 2010, Judge Murguia granted this motion for failure to state a claim

5  for relief under Rule 12(b)(6), Fed. R. Civ. P. (doc. 21). Matthews v. NPMG Acquisition

6  Sub, LLC, 2010 WL 3023300 (D. Ariz. July 30, 2010). Judge Murguia allowed plaintiffs

7  fifteen days to amend their complaint. When plaintiffs failed to meet this deadline, a

8  judgment was entered against them on August 24, 2010 (doc. 23). Nevertheless, the court

9  later granted plaintiffs' motion to vacate and allowed plaintiffs to file an amended complaint

10  on March 22, 2011 (docs. 34, 36). Defendant now moves for summary judgment (doc. 55).

11  **II**

12  The first paragraph of the Consent Decree states:

13  This Consent Decree resolves all claims of the Commission and of Mssrs.
    Matthews, Hunt, Buckner, Gawarecki (each a "Charging Party," and
14  collectively the "Charging Parties") . . . against Defendant . . . arising out of
    the issues that were or could have been raised in this lawsuit up until the date
15  of the execution of this Consent Decree by the parties.

16  Plaintiff's First Amended Complaint, ex. 1 at 8.

17  When interpreting a consent decree, we follow contract principles and look first to the

18  language's plain meaning. If the language is clear, then extrinsic evidence cannot be used

19  to vary its terms. Judge Murguia previously concluded that "paragraph 1 of the Consent

20  Decree is unmistakably clear; all claims of Plaintiffs Matthews, Hunt, and Buckner, that

21  could have been raised in EEOC v. iPayment have been expressly waived." Matthews v.

22  NPMG Acquisition Sub, LLC, 2010 WL 3023300, at *2 (D. Ariz. July 30, 2010). Thus, if

23  plaintiffs are bound by the Consent Decree, they may not bring a claim under 42 U.S.C. §

24  1981 because they could have raised this claim in the earlier action.

25  The crux of plaintiffs' complaint is that they should not be bound because they were

26  not parties to the EEOC lawsuit or Consent Decree. Thus, they argue they did not waive

27  their § 1981 claim by failing to intervene. This argument is without merit. Plaintiffs did not

28  sign the Consent Decree, but they did accept the benefits of it. They "cannot now request

1    additional monetary relief merely because [they are] dissatisfied with the amount [they]

2    voluntarily agreed to accept in the settlement as compensation for [their] claims."  Strozier

3    v. General Motors Corp. (Lakewood Assembly Plant), 635 F.2d 424, 426 (5th Cir. 1981).

4            Similarly, plaintiffs contend their claim is not barred by res judicata because they were

5    not parties in the previous lawsuit.  "In order for res judicata to apply there must be: 1) an

6    identity of claims, 2) a final judgment on the merits, and 3) identity or privity between

7    parties."  Western Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997).  The

8    first two elements are undisputedly present in this case.  First, there is an identity of claims

9    because defendant's right to finality would be impaired by prosecution of this action, the

10   same evidence would be presented in both actions,  both actions involve infringement of the

11   same rights, and both actions arise out of the same transactional nucleus of facts.  See United

12   States v. Liquidators of European Fed. Credit Bank, 630 F.3d 1139, 1150 (9th Cir. 2011)

13   (listing four criteria to decide the identity of claims).  Second, a consent decree is a final

14   judgment on the merits.  SEC v. Randolph, 736 F.2d 525, 528 (9th Cir. 1984) ("A consent

15   decree is a judgment, [which] has the force of res judicata[.]").  Plaintiffs claim, however,

16   that the third element has not been met because they were not parties to the EEOC lawsuit

17   and privity is no longer a viable concept.  Their understanding of Taylor v. Sturgell, 553 U.S.

18   880, 128 S. Ct. 2161 (2008), is misguided.  In this case, the Supreme Court avoided the term

19   "privity" but confirmed the viability of nonparty preclusion based on substantive legal

20   relationships.  Id. at 894 & n.8, 128 S. Ct. at 2172 & n.8.

21           Defendant argues that privity exists between the EEOC and plaintiffs because the

22   EEOC brought an action on plaintiffs' behalf, plaintiffs were identified as charging parties,

23   they had a significant interest in that action, participated in that action, and accepted

24   settlement payments from defendant.  The interests of the EEOC and aggrieved individuals

25   may occasionally diverge, however.  The United States Court of Appeals for the Eleventh

26   Circuit has held that where there is "a clear divergence of interests," a consent decree is not

27   an absolute bar to an individual's subsequent lawsuit.  Riddle v. Cerro Wire & Cable Group,

28   Inc., 902 F.2d 918, 922, 923 n.5 (11th Cir. 1990).  While the factual record of the motion to

1  dismiss was insufficient to determine if this showing had been made (doc. 21 at 8), it is now

2  apparent that plaintiffs' interests did not clearly diverge from those of the EEOC.

3      In Riddle, the plaintiff did not receive any money and notified the EEOC and the

4  defendant before the consent decree was finalized that she was dissatisfied with the EEOC's

5  handling of her case.  Id. at 923.  Here, to the contrary, each plaintiff has received a payment

6  in the amount promised in the Consent Decree (doc. 36, ex. 1; DSOF ¶¶ 31-32, 66, 79).

7  Plaintiffs Matthews and Buckner never objected to the terms of the Consent Decree, either

8  before or after its entry.  DSOF ¶ 37-39, 83.  Nor did they notify the EEOC or defendant that

9  they were unhappy with the EEOC's handling of their case.  Id.  Plaintiff Hunt apparently

10  objected to the terms of the settlement before entry of the Consent Decree, and made his

11  objection known to an EEOC attorney.  PSOF ¶ 60.  Although the parties disagree about the

12  timing of Hunt's complaint, their disagreement is immaterial.  It is undisputed that Hunt

13  received and cashed a check sent to him pursuant to the Consent Decree.  DSOF ¶¶ 66, 68.

14  Therefore, this case does not fall within the narrow exception found in Riddle.  The plaintiffs'

15  interests did not clearly diverge from the interests of the EEOC.  As a result, there was privity

16  between plaintiffs and the EEOC.  Because we find an identity of claims, a final judgment

17  on the merits, and privity between the parties, res judicata bars plaintiffs' § 1981 claim.

18                                         **III**

19      **IT IS HEREBY ORDERED GRANTING** defendant's motion for summary

20  judgment (doc. 55).

21      DATED this 13th day of September, 2011.

22

23      *Frederick J. Martone*

24                          Frederick J. Martone
                            United States District Judge

25

26

27

28

                              - 4 -