1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Calvin Matthews, Tyrone Hunt, and)      No. CV 09-2326-PHX-FJM
    Michael Buckner,                     )
10                                        )    **ORDER**
                   Plaintiffs,            )
11                                        )
    vs.                                   )
12                                        )
                                          )
13  NPMG Acquisition Sub, LLC,            )
                                          )
14                 Defendant.             )
                                          )
15  _____)

16

17        We have before us defendant's motion for attorneys' fees and non-taxable expenses

18  (doc. 73), defendant's memorandum in support (doc. 77), plaintiffs' response (doc. 82), and

19  defendant's reply (doc. 83).  Plaintiffs' counsel also filed a separate response on his own

20  behalf (doc. 81).  Defendant requests an award of $99, 531.73, based on 287.3 hours of work

21  at rates between $100 and $415 per hour.  This includes electronic research costs of

22  $4,283.23.

                                          **I**
23

24        Plaintiffs Calvin Matthews, Tyrone Hunt, and Michael Buckner ("Matthews") sought

25  a judgment against defendant NPMG Acquisition Sub, LLC ("NPMG") for racial

26  discrimination in violation of 42 U.S.C. § 1981. Plaintiffs were former employees of NPMG.

27  The EEOC filed an action against NPMG, naming the three plaintiffs in this case as charging

28  parties. EEOC v. iPayment, Inc. and NPMG Acquisition Sub, LLC, No. CV 08-01790-PHX-

1  SRB ("EEOC v. NPMG").  This action was terminated through a consent decree which

2  "resolve[d] all claims of the Commission and of Mssrs. Matthews, Hunt, [and] Buckner . .

3  . against [NPMG] . . . including any and all claims for back pay, compensatory and punitive

4  damages, interest, injunctive relief, and attorney's fees and costs arising out of the issues that

5  were or could have been raised in this lawsuit" (doc. 36, ex. 1 at 8).  Plaintiff Matthews

6  received $100,000, and plaintiffs Hunt and Buckner each received $90,000 as part of the

7  settlement.

8        Plaintiffs proceeded to file this § 1981 action less than two months later.  We granted

9  defendant's motion for summary judgment.  Order of September 13, 2011 (doc. 68).

10  Defendant now requests fees pursuant to 42 U.S.C. § 1988(b), A.R.S. § 12-341.01, and 28

11  U.S.C. § 1927.

12  **II**

13        In any case brought under § 1981, "the court, in its discretion, may allow the

14  prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

15  42 U.S.C. § 1988(b).  Attorneys' fees may be recovered by a prevailing defendant in a civil

16  rights action only upon finding that the action was "frivolous, unreasonable, or groundless,

17  or that the plaintiff continued to litigate after it clearly became so."  Hughes v. Rowe, 449

18  U.S. 5, 15, 101 S. Ct. 173, 178-79 (1980) (quoting Christiansburg Garment Co. v. EEOC,

19  434 U.S. 412, 422, 98 S. Ct. 694, 701 (1978)).  NPMG contends that plaintiffs' action was

20  "unreasonable, frivolous, meritless, [and] vexatious" and therefore fees are warranted.  Allen

21  v. City of Los Angeles, 66 F.3d 1052, 1058 n.2 (9th Cir. 1995).

22        The facts of this case do not meet the onerous standard necessary for fees for

23  defendants under § 1988. Although plaintiffs' claims clearly overreach, Judge Murguia held

24  that it was possible for both the EEOC and individual plaintiffs to proceed.  Therefore,

25  plaintiffs' action could not be unreasonable or frivolous within the meaning of this one-sided

26  statute.

27

28  **III**

1    A.R.S. § 12-341.01(A) provides for fee shifting "[i]n any contested action arising out

2  of a contract, express or implied." This is not an action arising out of contract. The plaintiffs

3  here brought a federal statutory claim to which § 1988 occupies the field. A.R.S. § 12-

4  341.01 has no application to a claim under § 1981.

5                                                    **IV**

6    Defendant also seeks fees under 28 U.S.C. § 1927, which provides that an attorney

7  "who so multiplies the proceedings in any case unreasonably and vexatiously may be

8  required by the court to satisfy personally the excess costs, expenses, and attorneys' fees

9  reasonably incurred because of such conduct." This provision "applies only to unnecessary

10  filings and tactics once a lawsuit has begun." In re Keegan Management Co., Securities

11  Litig., 78 F.3d 431, 435 (9th Cir. 1996). Filing a complaint may not be sanctioned pursuant

12  to § 1927. Defendant did not attempt to divide its expenses between those incurred in the

13  normal course of litigation and those incurred because of unreasonable, vexatious

14  multiplication of proceedings. As a result, we decline to sanction plaintiffs' attorney under

15  this statute.

16                                                    **V**

17    **IT IS THEREFORE ORDERED DENYING** defendant's motion for attorneys' fees

18  (doc. 73).

19    DATED this 17th day of January, 2012.

20

21    _Frederick J. Martone_

22    Frederick J. Martone
      United States District Judge

23

24

25

26

27

28